IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| ALPHA TECHNOLOGY U.S.A. CORPORATION d/b/a FUTURECOW, Plaintiff, | ORDER |
| v. | 13-cv-871-wmc |
| LDS ACQUISITION CORPORATION, Defendant. | |
| and | |
| MLSNA DAIRY SUPPLY, INC., et al., Defendants. | 13-cv-870-wmc |

---

Plaintiff Alpha Technology seeks a stay of proceedings in the above-captioned case (the "LDS" case) pending disposition of a related, earlier filed case -- *Alpha Technology U.S.A. Corporation d/b/a FutureCow, v. MLSNA Dairy Supply, Inc., d/b/a Mtech Dairy Solutions and Phil MLSNA*, Case No.: 3:13-cv-870 (the "MLSNA Case"). Both cases were filed by Alpha and involve infringement of U.S. Patent No. 8,402,920 entitled "System and Method for Cleaning Teats of a Milk-Producing Animal" (the "'920 patent"). Moreover, although the defendant in each case is different, each is represented by the *same* defense counsel.

Following a hearing dated June 5, 2014, plaintiff's motion for a stay was denied. Given the court's ruling and the parties' positions at the hearing, however, the court agreed to take up defendant's oral motion to consolidate the LDS and MLSNA cases. Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate separate "actions involving a common question of law or fact" pending before it. Fed.R.Civ.P. 42(a). Indeed, it is within the court's broad managerial discretion to prevent "unnecessary duplication of effort in related cases" through consolidation or other means. *E.E.O.C. v. G–K–G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994).

1

Consolidation, here, is warranted for several reasons. *First*, both plaintiff and patent in suit (the '920 patent) are identical. *Second*, the same prior art has been referenced in defendants' invalidity contentions, insuring common, potentially dispositive questions of law and fact. Their common proposed claim construction terms reinforces this point. (Dkt. #31 at 2.) *Third*, the cases are still postured at an early juncture. Given that the court adopts the scheduling order from the LDS case, there is also ample time for the parties to prepare for dispositive motions -- meaning minimal (if any) prejudice to the parties' positions beyond the status quo.

Accordingly, consolidation of these cases will militate against unnecessary costs and duplicative work, making for a more streamlined path to trial should the case proceed.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to stay (dkt. #31) is DENIED.

2. Defendant's oral motion to consolidate is GRANTED.

3. The clerk's office shall CONSOLIDATE Case No. 13-cv-870 (the "MLSNA Case") with Case No. 13-cv-871 (the "LDS Case"). Going forward, the scheduling order from the LDS case will control.

Entered this 5th day of June, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge