IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALPHA TECHNOLOGY U.S.A.
CORPORATION d/b/a FUTURECOW,

                Plaintiff,                       OPINION AND ORDER

    v.

                                                13-cv-870-wmc

MLSNA DAIRY SUPPLY, INC. d/b/a
MTECH DAIRY SOLUTIONS, and
PHIL MLSNA,

                Defendants.

---

Before the court is a motion in which *plaintiff* Alpha Technology U.S.A. Corporation seeks to dismiss its own lawsuit for lack of subject matter jurisdiction. (Dkt. #87.) In particular, Alpha contends that the case is now moot -- both as to its own claims of patent infringement and false advertisement, as well as the counterclaims of defendants' Mslna Dairy Supply, Inc. and Phil Mlsna (collectively "Mlsna") for non-infringement and invalidity -- because Alpha executed two covenants not to sue, which mirror the language in other covenants not to sue approved by the Federal Circuit and the Supreme Court. *See Already LLC v. Nike, Inc.*, 133 S. Ct. 721, 728 (2013); *Amana Refrigerator, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 854-55 (Fed. Cir. 1999). Accordingly, Alpha seeks a dismissal with prejudice as to all claims.

Happily, Mlsna agrees that Alpha's covenants not to sue are sufficiently broad to divest this court of subject matter jurisdiction over the claims brought against them, as well as their counterclaims, and request that the court dismiss all of those claims with prejudice. (Defs.' Resp. (dkt. #89) 4.) Nevertheless, Mlsna contends that the court still

has jurisdiction over their request for attorney's fees as an "exceptional case" under 35 U.S.C. § 285. In support, Mlsna quite appropriately points to the Federal Circuit's decision in *Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006), a case that essentially establishes this court's continuing jurisdiction to consider Mlsna's fee request. In *Highway Equipment*, the plaintiff filed a covenant not to sue with the court seeking to dismiss the action it filed approximately two years earlier. *Id.* at 1031. The district court dismissed the plaintiff's infringement claim and the defendant's non-infringement and invalidity counterclaims, both with prejudice, but retained jurisdiction over the defendant's motion for attorney's fees pursuant to 35 U.S.C. § 285. *Id*. Ultimately, however, the trial court opted not to award fees.

On appeal, the Federal Circuit held that "the district court correctly retained jurisdiction over [the defendant's] request for attorney's fees under 35 U.S.C. § 285." *Id.* at 1032-33 (citing Federal Circuit precedent). In so holding, the court specifically rejected plaintiff's argument that the court erred in entertaining defendant's request for fees because the defendant "did not receive judicial relief on the merits that alters the legal relationship of the parties." *Id.* at 1033. Relying on the United States Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 605 (2001), the Federal Circuit concluded "as a matter of patent law," that "the dismissal with prejudice, based on the covenant and granted pursuant to the district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain [the defendant's] fee

2

claim under 35 U.S.C. § 285." *Id.* at 1035. For exactly the same reason, this court retains jurisdiction over Mlsna's request for attorney's fees and costs.

Mlsna further urges the court to consider the arguments in their summary judgment briefing to determine if this is an exceptional case. Mlsna's entire discussion of the right to fees under § 285 consists of approximately one page in their opening summary judgment brief, and largely consists of the assertion that "Alpha Technology and its President, Kevin Dole, have commenced and pursued this litigation against defendant Mlsna Dairy Supply, a direct competitor in the sale of teatscrubbing systems and chemicals, knowing that the '920 patent was procured through and by Mr. Dole's inequitable conduct." (Defs.' Opening Br. (dkt. #57) 17-18.) As detailed in other parts of their summary judgment briefing and supporting materials, defendants specifically contend that Dole failed to disclose a Puli F50 teatscrubbing system as known prior art to the United States Patent Office, and did so with deceptive intent. (*Id.* at 14-17.)

Last term, in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the United States Supreme Court articulated the standard that must be met before a court should award attorney's fees under 35 U.S.C. § 285.

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.* at 1756.

Considering the limited evidence defendants marshal in support of their assertion that this case is "exceptional," as well as Kevin Dole's affidavit in opposition (dkt. #72), this court has little trouble concluding it does *not* "stand out" from other patent cases with respect to the strength of plaintiff's litigating position or the manner in which the plaintiff litigated its claims. Considered in light of the totality of the circumstances, defendants' circumstantial evidence of deceptive intent -- most notably, Dole's sworn statement providing a plausible explanation for his failure to disclose the "F50 system" in particular (assuming that failure was even material) -- hardly renders defendants' case so clear-cut as to undermine the arguable merit of plaintiff's claims or its tactics in litigating this lawsuit. On the contrary, the unrebutted fact is that Dole disclosed Puli's commercial use of the very technology embodied in the F50 system, if not that system specifically. On the paper record, therefore, the court will deny defendant's request for attorney's fees pursuant to 35 U.S.C. § 285.

Finally, defendants contend that if its request for attorney's fees on summary judgment is not dispositive, the court should proceed to a trial on their request. The court disagrees. In his sworn affidavit, Doles plausibly avers that: (1) he had forgotten the Puli F50 system was in use at Drake Dairy at the time he filed the patent application; (2) even if recalled, he did not think it was relevant in light of the different solutions used with that system; and (3) the Puli F50 system was covered in his disclosure of the Vecchia patent application and Puli's use of that technology. (Declaration of Kevin Dole (dkt. #72) ¶¶ 28, 30.) Defendants offer *no* evidence on summary judgment that rebuts this basic evidence as to both Dole's intent and materiality of the F50 system in

particular, much less meet the clear and convincing evidence standard of demonstrating specific intent to defraud the USPTO in light of those disclosures, nor have they done so in response to Alpha's present motion to dismiss. *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) ("[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." (internal citation and quotation marks omitted)).

More importantly, plaintiff has put forth sufficient evidence at summary judgment to undermine any finding that Dole's failure to disclose the Puli F50 system in particular was material in light of his disclosure of the Vecchia Application. (*See* Declaration of Robert L. Wolter (dkt. #70) ¶¶ 9-13.) *See also Therasense*, 649 F.3d at 1295 (requiring but-for proof of materiality to demonstrate inequitable conduct). In particular, the patent application's specification not only mentions the Vecchia Application (U.S. Patent Application No. 11/490,072), but states that the system described in the Vecchia application "has been sold and distributed by Puli-System S.r.L." ('920 Patent (dkt. #1-2) 1:33-35.) In light of this undisputed evidence, the court finds no factual basis to hold a hearing before disposing of defendants' remaining request for fees.

ORDER

IT IS ORDERED that:

1) Plaintiff Alpha Technology U.S.A. Corporation's motion to dismiss for lack of subject matter jurisdiction (dkt. #87) is GRANTED;

2) Defendants Mlsna Dairy Supply, Inc. and Phil Mlsna's request for attorney's fees and costs pursuant to 35 U.S.C. § 285 is DENIED;

3) All claims and counterclaims in this action are DISMISSED WITH PREJUDICE; and

4) The clerk of court is directed to close this case.

Entered this 8th day of January, 2015.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge